The opinion of the Court was delivered by
Tilghman, C. J.
I think there can be ho doubt that the evidence was properly admitted. Upon a suggestion of imposition by so great a quantity of surplus in Cadwalader’s survey, it was not only the right, but the duty of the Board to have the matter inquired into; As to notice to the defendant, it would be sufficient, if he had an.opportunity of appearing before the Board of Prbperty, and making defence, on the return of the resurvey ordered by th.em. At all events the determination of the Board was not conclusive, but might be controverted ‘ in an action of ejectment. It has always been the practice of our Courts, to. permit the proceedings of the Board of Property, even thoügh irregular, to be given in evidence, and to instruct the jury as to the legal operation of them. There was no error therefore, in the admission of this evidence. If the surveys made in pursuance of the Order of the Board of Property stand good, the plaintiffs ■ will take 100 acres of the defendant’s original survey, bqt the defendant will still hold 650 acres, under Cadwalader’s warrant for 400 acres. The plaintiffs afterwards gave evidence, that the defendant had notice of the claim under Day’s improvement, before he had cleared or improved any part of the 100 acres in dispute. After the evidence was closed on both sides, the defendant’s counsel stated several questions on which they requested the opinion of the Court *340 to be given to the jury. It is assigned for error, that those questions were not answered, and without doubt the third, question was not, whatever may be said as to the others. The third question is stated by the Court, after which, they say, that the plaintiffs’ counsel have given a certain answer to it, which is also stated; but the Court gave no opinion of their own. It is now said, that the Court intended to adopt-the answer given by' the plaintiffs’ counsel. It may be so, but it does not appear so by the record, and therefore we cannot say that the question was answered by the Court. It is with regret, that for a slip of this kind, we are obliged to reverse a judgment, the merits of which, so far as we can judge from the evidence, were strongly with the plaintiffs. It is very clear, that a survey containing on its face 420 acres, but in fact 750, ought to be inquired into. The bare acceptance of it in the surveyor general’s office, without patent, could not be obligatory in a case like the present, where the person claiming tinder it, had notice before he hád gone to any expense, in improvements, of an adverse claim, which although it might take part, would yet leave more than appeared on the face of the draft, to be contained in the survey. These remarks are confined to the case before the Court, and by no means intended as an intimation of any opinion that the Board of Property possess a general power to cut off the surplus in ancient surveys which have not. been patented.
I am therefore of opinion, that the judgment should be reversed, and a venire facias de novo awarded.
Judgment reversed, and a v.enire facias de novo awarded.